Territorial Law Library



FILED
SUPERIOR COURT
OF GUAM

12   10: 15

COURT

## IN THE SUPERIOR COURT OF GUAM

ROSEMARIE G. AQUININGOC )
                                   )
                Plaintiff, )

                                   )
              v. )
                                     )

VICENTE AFFLEJE AQUININGOC )
                                     )
               Defendant. )
                                     )

CASE NO. DM0431-10

FINDINGS OF FACTS AND
CONCLUSIONS OF LAW AND ORDER

## INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III, for a Bench Trial on Plaintiff's Complaint requesting spousal maintenance and Defendant's Counterclaim requesting dissolution of the marriage. Attorney Harold F. Parker represented Plaintiff, Rosemarie G. Aquiningoc. Attorney William B. Pole represented Defendant, Vicente A. Aquiningoc. Having considered all the evidence the court makes the following findings.

## FINDINGS OF FACT

Upon consideration of the evidence and after weighing the credibility of the witnesses, this Court finds the following:

1. Plaintiff and Defendant are residents of Guam.

2. The parties were married in 1983 and separated in May, 2010.

3. There are no minor children of the marriage.

4. Defendant served in the military for some time and is a Vietnam veteran. Defendant now suffers post-traumatic stress disorder and is considered by the military to be 100% disabled.

***ORIGINAL***

5. Plaintiff left the marital residence in May, 2010, due to Defendant's inability to control his violent behavior.

6. There are irreconcilable differences between the parties.

7. Since leaving the marital home, Plaintiff has been living with her adult children.

8. Plaintiff, who is 54 years old, has not worked full-time since 2001. The last job Plaintiff had was a work-study position while she was taking college courses for which she earned $620.00 per month. Plaintiff is currently unemployed, but is capable of working and is actively seeking employment.

9. Plaintiff currently receives food stamps worth $289.00 per month and she receives $40.00 per month in welfare.

10. Plaintiff currently possesses a military ID card granting her substantial benefits stemming from her status as the spouse of a retired service member.

11. Defendant receives a combined $3,300.00 per month in social security and military disability retirement benefits.

12. While they lived together Plaintiff and Defendant both contributed to their monthly bills, though the total cost of bills or the percentage contributed by each was not discussed.

13. Plaintiff offered no evidence regarding her current monthly expenses.

14. Defendant pays $1,465.00 in housing and utilities. The only evidence of Defendant's other expenses was a reference by Defendant to various loans on which Defendant makes payments.

15. The parties offered vague testimony regarding their personal property:

   a. The parties presented evidence establishing the existence of a 2007 Hyundai Tucson SUV. The vehicle is apparently encumbered by a loan signed by both Plaintiff and her son, who is currently making the payments on the vehicle.

-2-

b. There was also testimony regarding a 2007 Mazda CX-7 SUV, though the testimony failed to clarify whether this vehicle is properly characterized as community property. The evidence showed that this vehicle is also encumbered by a loan.

c. In addition, there was some testimony regarding ownership or potential ownership of a 1995 Ford Bronco, but the testimony did not clearly indicate whether the vehicle had actually been purchased or whether it was encumbered by a loan.

16. The parties failed to provide *any* evidence of the current value of the vehicles or the current amount of community debt. Additionally, while Defendant offered some testimony as to various loans that he had signed at some point and on which he is currently making payments, there was no evidence of the current value of any loan mentioned during the testimony.[1]

## CONCLUSIONS OF LAW

This Court has jurisdiction over this matter pursuant to title 7, section 3105 and title 19, section 8201 et seq. of the Guam Code.

## I. DISSOLUTION

In his Counterclaim Defendant asks for dissolution based on allegations that Plaintiff 1) treated Defendant with extreme mental cruelty 2) committed adultery, and 3) abandoned Defendant. (Def.'s Counterclaim, ¶ 5) At trial, Defendant offered nothing more than mere speculation regarding Plaintiff's alleged adulterous acts. Moreover, Defendant offered no credible evidence of mental cruelty or abandonment by Plaintiff prior to the separation. Defendant failed to meet his burden of proof

---

[1] Defendant did not mention any of these loans in his Counterclaim.

with respect to the allegations on which his Counterclaim for dissolution is based. Therefore, this Court denies Defendant's request for dissolution.


II. SEPARATION AND MAINTENANCE:

Guam Law allows for a spouse to maintain an action in the Superior Court for maintenance and division of property even though the spouse does not seek a decree of dissolution. Title 19, section 8402 of the Guam Code provides that

> when the husband or wife has any cause of action for dissolution of marriage as provided in § 8203 of this Title, he or she may, without applying for dissolution of marriage, maintain in the Superior Court an action against her or him for permanent support and maintenance of himself or herself or of himself and children or of herself and children. . . .

> The court, in granting the husband or wife permanent support and maintenance of himself or herself, or of himself and children or herself and children, in any such action, shall make the same disposition of the community property and of the homestead, if any, as would have been made if the marriage had been dissolved by the decree of a court of competent jurisdiction. . . .

19 G.C.A. § 8402. Plaintiff has alleged, and this Court has found, that irreconcilable differences exist. Although this is an action for maintenance and not dissolution, because Plaintiff could maintain an action for dissolution based on irreconcilable differences this Court is obligated to dispose of the community property and homestead as it would have had the marriage been dissolved; the Court may also award maintenance.


*a. Division of Property*

Where a party asserts irreconcilable differences as the basis for a claim for maintenance, the trial court must strive to effect an equal distribution of the community property and debts. 19 G.C.A. § 8411. The burden of proving the value of community property "lies with the party who seeks the division of community

property." Navarro v. Navarro, 2000 Guam (citing Baker v. Baker, 98 Cal.App.2d 424, 425, 220 P.2d 576, 577 (Cal. Ct. App. 1950). In this case, although both parties filed respective claims alleging a right to some of the alleged community property, neither party has provided any testimony or other evidence of valuation regarding the alleged community assets, nor have the parties offered any evidence of the current value of community debts. Furthermore, although there appeared to be some dispute regarding the categorization of Defendant's military disability retirement benefits, disability retirement is clearly not characterized as community property and is not subject to property distribution under federal law. 10 U.S.C. § 1408(a)(4)(C) (West 2011); Mansell v. Mansell, 490 U.S. 581, 589, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989) ("[U]nder the [USFSPA's] plain and precise language, state courts have been granted the authority to treat disposable retired pay as community property; they have not been granted the authority to treat total retired pay as community property.") This Court finds that the neither party has met its burden of proving valuation of community property and debts and this Court is therefore unable to make an equitable division of the property.

### b. Maintenance

A plaintiff in an action for spousal support has the burden of proving that she is entitled to such support. While title 19, section 8402 of the Guam Code allows a court to award maintenance, Guam law does not provide any guidance as to which factors or circumstances the court should consider in determining a reasonable award for maintenance. As the Guam Supreme Court has noted, section 8402 is based on former California Civil Code § 137, which was abolished in California upon adoption of the California Family Code. Cruz v. Cruz, 2005 Guam 3, n.2. Under current California law, courts are required to consider a number of statutory factors when determining whether maintenance is appropriate. Those factors include: 1) the ability of each party to maintain their

standard of living from the marriage and the needs of that standard of living; 2) the extent to which the supported party contributed to an education or training; 3) the ability of the supporting party to pay; 4) the obligations and assets of each party, including the tax consequences of alimony; 5) the duration of the marriage; 6) the age and health of the parties, including their ability to engage in gainful employment; 7) the balance of the hardships; 8) the goal that the supported party be self-supporting within a reasonable amount of time; 9) any domestic violence or criminal convictions of abuse; and 10) any other factors that the court determines are just and equitable. See West's Ann. Cal. Fam. Code § 4320. While Guam courts are certainly not bound by California statutes, this Court finds the above statutes factors to be helpful in guiding this Court's determination herein.

In the present case, Plaintiff offered some evidence in support of her general claim for maintenance. The testimony established that Plaintiff and Defendant had been in a long-term marriage and that Defendant had at least assisted with the payment of monthly bills. Plaintiff described her own current monthly income, which consists only of food stamps, welfare, and family support, and also presented evidence regarding the combined lump monthly income received by Defendant from military disability retirement and social security. Plaintiff appears to be in more dire financial straits as compared to Defendant.

Some factor's, however, tend to support denial of maintenance. Plaintiff's testimony established that she is capable of working. Defendant, while faring better in terms of his immediate financial security, lives entirely upon his disability and social security payments. And while a trial court may consider a veteran spouse's disability retirement in conjunction with the host of other relevant factors bearing on a an award of spousal support, the Court may not essentially effect a property distribution by assigning the nondisabled spouse a portion of the disability retirement and labeling it "maintenance." See Perkins v. Perkins, 107 Wash.App. 313, 327 (2001) ("a trial court may not divide a veteran's

disability pension and award part of it to the nondisabled spouse, even if the court labels its award as 'maintenance.'"). Moreover, Plaintiff did not provide any evidence of her past or current monthly expenses or the standard of living that the couple enjoyed while cohabiting. These factors are crucial to a determination of support because without some indication of Plaintiff's needs, this Court cannot determine a reasonable amount of maintenance. Moreover, when asked to provide testimony as to what amount Plaintiff was seeking in maintenance, Plaintiff could not provide an answer. And during closing arguments, when this Court asked for clarification regarding the specific form of spousal support that Plaintiff is requesting, Plaintiff's counsel indicated that Plaintiff seeks only to maintain the status quo with respect to the military benefits and ID card. In light of the above, this Court finds that Plaintiff has not met her burden of proof on the issue of spousal support and this Court will not grant her request for maintenance.

Given this Court's finding that the marriage will not be dissolved, Plaintiff shall retain the identification card and accompanying benefits.

To the extent the above conclusions of law constitute findings of fact they shall be so treated and visa-versa.

## CONCLUSION

Based on the foregoing, Defendant's Counterclaim for dissolution and the related relief requested therein are hereby DENIED. Plaintiff's request for maintenance is DENIED. Based on the parties' collective failure to present any evidence of valuation relating to the community assets and debts, this Court cannot and will not divide the property. Due to the fact that the parties will maintain their legally married status, Plaintiff shall retain the military ID card and accompanying benefits.

Under title 19, section 8321 of the Guam Code, when denying a request for a decree of dissolution the trial court must issue an interlocutory judgment. Plaintiff's

counsel shall prepare the interlocutory judgment and decree of separation consistent with this Court's above findings. These documents, which shall also include defense counsel's approval as to form, shall be submitted no later than 30 days following issuance of this order.

It is **SO ORDERED** this 10th day of April, 2012.

APR 1 0 2012

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam.

APR 1 2 2012

**Domingo M. Nego**
Deputy Clerk, Superior Court of Guam

-8-